United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 5, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————

No. 02-60583
Summary Calendar

———————

In The Matter Of:  RONALD ELLZY WOODALL,

Debtor,

———————

RONALD ELLZY WOODALL; MISSISSIPPI INSURANCE
GUARANTEE ASSOCIATION,

Appellees,

versus

DORIS MERCHANT; DON WHITE,

Appellants.

———————————————————————————

Appeal from the United States District Court
for the Southern District of Mississippi
(2:01-CV-328-PG)

———————————————————————————

Before BARKSDALE, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Doris Merchant and Don White appeal the district court's reversal of a bankruptcy court order authorizing lifting an automatic bankruptcy stay to allow a medical malpractice action to proceed to trial against the debtor in state court.  The only issue for the district court was whether insurance coverage existed for

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the claimed malpractice — if so, the stay-lift was appropriate. The district court determined there was no coverage because the debtor (insured) failed to report the claim to the insurance company within the policy period as required by the policy.

Our review is *de novo*. *E.g.*, **In re Sutton**, 904 F.2d 327, 329 (5th Cir. 1990). Based upon the parties' briefs and the relevant portions of the record, especially the insurance policy, and essentially for the reasons stated by the district court in its comprehensive opinion, the reversal of the stay-lift was proper.

*AFFIRMED*